Filed 12/10/21  P. v. Valencia CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B308833 |
| Plaintiff and Respondent, | |
| v. | (Los Angeles County Super. Ct. No. NA036296-01) |
| DAVID VALENCIA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Richard M. Goul, Judge.  Affirmed.

William L. Heyman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Amanda V. Lopez and Michael J. Wise, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant and appellant David Valencia appeals the trial court's order denying his petition for vacatur of his second degree murder conviction and resentencing under Senate Bill No. 1437 and Penal Code section 1170.95.[1]

Valencia argues that the trial court erred by relying on the record of conviction to deny his petition. Alternatively, he argues that the jury may have convicted him under a natural and probable consequences theory because it was instructed under CALJIC No. 8.31, which mentions natural and probable consequences, and because the prosecutor's argument may have confused the jurors. He also argues that, under the facts of this case, he may not have been the actual killer.[2] Valencia asserts that he has made a prima facie showing of entitlement to relief and that the trial court must issue an order to show cause. He further contends that he was prejudiced because the original sentencing judge did not rule on his petition, as section 1170.95, subdivision (b)(1) requires. Finally, Valencia contends that, to the extent that any of the issues he raises have been forfeited by

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] The trial court denied the petition solely on the basis that Valencia was the actual killer; however, the prosecutor argued that Valencia was ineligible for relief because the jury was not instructed under the felony murder or natural and probable consequences theory in the trial court. On appeal, we may affirm "on any basis supported by the record even if not expressly relied upon by the trial court." (*CUNA Mutual Life Ins. Co. v. Los Angeles County Metropolitan Transportation Authority* (2003) 108 Cal.App.4th 382, 397.)

counsel's action or inaction, counsel rendered ineffective assistance.[3]

We affirm the trial court's order.

## FACTS AND PROCEDURAL HISTORY[4]

In 1998, Valencia was riding in a stolen car with two other men when they encountered a prostitute. Valencia proposed that the woman take a drive with the men. She refused, and instead suggested that they go to a hotel room. Valencia tried to grab the woman's hand, but she slapped him. Valencia got angry. The men parked the car by the hotel, and Valencia exited the vehicle. Using a semi-automatic firearm, Valencia fired seven shots into the woman's room. The woman was struck in the torso, and her

---

[3] Valencia also makes two unnecessary arguments. First, he contends that, although his petition does not appear to contain an explicit declaration that he is eligible for relief, he should not be faulted for the omission because he relied on a pre-printed form that was supplied to him; at most the trial court should have denied the petition without prejudice to re-filing. The trial court did not deny the petition on this basis. The court assumed that Valencia met the basic requirements set forth in section 1170.95, subdivision (a), but instead denied the petition on the basis of the information contained in the record of conviction. Second, Valencia argues that section 1170.95 is constitutional. The trial court did not deny the petition on the basis that it is unconstitutional, and the People do not contest the issue on appeal.

[4] We have taken judicial notice of the prior opinion of another panel of this court in *People v. Valencia* (2000) 82 Cal.App.4th 139 (*Valencia*), from which the facts are drawn.

liver was perforated. She was hospitalized for nine days and died as a result of the onset of adult respiratory distress syndrome and probable sepsis caused by the gunshot wound. (*Valencia*, *supra*, 82 Cal.App.4th at p. 142.)

At trial, the jury was instructed on second degree murder under CALJIC No. 8.31. In closing argument, the prosecutor argued that Valencia could be convicted under one of two theories of murder—the jury could find that he harbored express malice or that he acted with implied malice.

Valencia was convicted of second degree murder (§ 187, subd. (a)), discharging a firearm into an inhabited dwelling (§ 246), and grand theft of an automobile (§ 487, subd. (d)). The jury found true the allegations that Valencia personally used a firearm within the meaning of section 12022.5, subdivision (a)(1), and that he personally discharged a firearm causing death (§ 12022.53, subd. (d)). The convictions and enhancement findings were returned in a trial and a retrial. (*Valencia*, *supra*, 82 Cal.App.4th at p. 141.) The trial court sentenced Valencia to a total of 40 years 8 months to life in state prison.

As relevant here, on appeal Valencia argued that the section 12022.53, subdivision (d) enhancement must be reversed because at the time of the homicide it could not enhance the crime of murder. Another panel of this court rejected the contention and affirmed the judgment. (*Id.* at pp. 141–142.)

On April 9, 2019, Valencia filed a petition for resentencing pursuant to section 1170.95. The trial court appointed counsel.

On August 19, 2019, the People filed a response to the petition, arguing that section 1170.95 was unconstitutional, but that, even if the provision was constitutional, Valencia was ineligible for relief because the record of conviction demonstrated

4

that the jury was not instructed on felony murder or under a natural and probable consequences theory, and that he was the actual killer.

On December 30, 2019, Valencia filed an opposition to the response and a supplemental brief arguing that section 1170.95 was constitutional.

On August 19, 2020, Valencia filed a reply arguing that the trial court was prohibited from considering the record of conviction prior to issuing an order to show cause and holding a hearing, but that, even if the trial court could consider the record of conviction, the jury had been instructed regarding the natural and probable consequences theory under CALJIC No. 8.31. He attached CALJIC No. 8.31, as given to the jury and the prosecutor's argument to the jury

On October 2, 2020, the trial court held a hearing on Valencia's section 1170.95 petition. The parties argued the merits of the petition as detailed in the briefing. Valencia's counsel's position was that the jury had been instructed on second degree murder, and that implied malice was no longer a valid basis for murder liability. The prosecutor argued that second degree murder under an implied malice theory was distinct from the natural and probable consequences doctrine, and that it was still a valid theory of liability following the amendments effected by Senate Bill 1437, regardless of whether the defendant was the actual killer. After hearing argument from the parties, the court denied the petition. It ruled that Valencia failed to make a prima facie showing of eligibility because the record established that he was the actual killer.

5

## DISCUSSION

"Effective January 1, 2019, the Legislature passed Senate Bill 1437 'to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' (Stats. 2018, ch. 1015, § 1, subd. (f).)  In addition to substantively amending sections 188 and 189 of the Penal Code, Senate Bill 1437 added section 1170.95, which provides a procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief.  (See [*People v.*] *Gentile*[ (2020)] 10 Cal.5th [830] 843.)

"Pursuant to section 1170.95, an offender must file a petition in the sentencing court averring that:  '(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine[;] [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder[;] [¶] [and] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019.' (§ 1170.95, subds. (a)(1)–(3);  see also § 1170.95 subd. (b)(1)(A).)  Additionally, the petition shall state '[w]hether the petitioner requests the appointment of counsel.'  (§ 1170.95, subd. (b)(1)(C).)  If a petition fails to comply with subdivision (b)(1), 'the court may

6

deny the petition without prejudice to the filing of another petition.' (§ 1170.95, subd. (b)(2).)

"Where the petition complies with subdivision (b)'s three requirements, then the court proceeds to subdivision (c) to assess whether the petitioner has made 'a prima facie showing' for relief. (§ 1170.95, subd. (c).)" (*People v. Lewis* (2021) 11 Cal.5th 952, 959–960 (*Lewis*).)

## Analysis

*Eligibility*

Valencia's contention that the trial court was not permitted to review the record of conviction when determining eligibility under section 1170.95 fails: our Supreme Court recently held that review of the record of conviction is appropriate at this stage. (*Lewis*, *supra*, 11 Cal.5th at p. 970.) Jury instructions are part of the record of conviction.

Valencia's contention that the jury may have been confused and convicted him under the natural and probable consequences theory of liability is also without merit. The jury instructions in this case demonstrate that Valencia was not and could not have been convicted of second degree murder under the natural and probable consequences doctrine. The jurors were not provided any instruction on which they could have found Valencia guilty of murder under that doctrine. Rather, under the instructions, the jury necessarily found Valencia culpable for murder based on his own actions and mental state as a direct perpetrator.

The jury was instructed on second degree implied malice murder under CALJIC No. 8.31: "Murder of the second degree is

7

also the unlawful killing of a human being when: [¶] 1. The killing resulted from an intentional act, 2. The natural and probable consequence of the act are dangerous to human life, and 3. The act was deliberately performed with knowledge of the danger to, and with conscious disregard for, human life. [¶] When the killing is the direct result of such an act, it is not necessary to prove that the defendant intended that the act would result in the death of a human being."

Although the instructions for implied malice murder include the words "natural and probable consequence," implied malice and natural and probable consequences are distinct concepts. "Whereas implied malice is based on 'the "natural and probable consequences" of a defendant's *own* act,' the natural and probable consequences doctrine [abrogated by Senate Bill 1437] was 'a theory of vicarious liability under which "[a]n aider and abettor [was] guilty not only of the intended, or target, crime but also of any other crime a principal in the target crime actually commit[ted] (the nontarget crime)'"—including murder—"'that [was] a natural and probable consequence of the target crime.'" [Citation.] 'Because a nontarget murder "'[was] unintended, the mens rea of the aider and abettor with respect to that offense [was] irrelevant and culpability [was] imposed simply because a reasonable person could have foreseen the commission of the [murder].'"' [Citation.]" (*People v. Rivera* (2021) 62 Cal.App.5th 217, 231–232, fn. omitted (*Rivera*), abrogated on another ground in *Lewis*, *supra*, 11 Cal.5th 952.)

"'[Senate Bill 1437] abolished the natural and probable consequences doctrine' as a theory of vicarious liability, [but] 'it maintained the viability of murder convictions based on implied malice, and the definition of implied malice remains unchanged.'

[Citation.] In other words, a person may still be convicted of second degree murder, either as a principal or an aider and abettor, 'if the person knows that his or her conduct endangers the life of another and acts with conscious disregard for life.' [Citations.]" (*Rivera*, *supra*, 62 Cal.App.5th at p. 232.)

We reject Valencia's argument that the prosecutor's closing statement may have confused the jury, causing it to convict him on a natural and probable consequences theory even in the absence of an instruction. First, "'[w]e presume that jurors treat the court's instructions as a statement of the law by a judge, and the prosecutor's comments as words spoken by an advocate in an attempt to persuade.' [Citation.]" (*People v. Cortez* (2016) 63 Cal.4th 101, 131.) Regardless, the record does not support his contention. Valencia points to the prosecutor's statement that: "The Court will tell you that when a person intentionally engages in an act, the natural and probable consequences of which are dangerous to human life, then you may imply the malice aforethought and convict the defendant of murder, even though you're not sure that in his mind his intent was to kill." As Valencia concedes, the statement related to implied malice and CALJIC No. 8.31. There is nothing in the prosecutor's comments to suggest that Valencia's intent to commit a different offense could be the basis for vicarious murder liability. Because the jury was not instructed under the natural and probable consequences doctrine, it could not have convicted Valencia under that theory. He is therefore ineligible for relief as a matter of law.[5]

---

[5] Having determined that Valencia is ineligible for relief because the jury was not instructed on felony murder or the natural and probable consequences doctrine, we need not address

9

*Resentencing Court*

Valencia claims that reversal is also required because a judge who was not the original sentencing judge ruled on the petition. We agree with the People that Valencia waived this contention by failing to raise it below, but that, even if we were to assume error, it was harmless.

In *People v. Santos* (2020) 53 Cal.App.5th 467, 474 (*Santos*) we held that section 1170.95, subdivision (b)(1), requires "the individual public official" who sentenced the defendant to rule on the petition unless the presiding justice of the superior court has determined that judge is unavailable. The circumstances in *Santos* differ significantly from those presented here. First, unlike Valencia, Santos preserved his claim that the original sentencing court was required to rule on his petition by raising it in the trial court. (*Id.* at p. 471.) Second, in Santos's case, the People conceded that Santos made a prima facie showing of eligibility. (*Id.* at p. 469.) Moreover, in *Santos* it was not necessary to assess the effect of the error because remand was required on a different ground.

Valencia asserts that he was prejudiced by the fact that his petition was not decided by the judge who sentenced him, but he does not explain how he was prejudiced. The instructions given to the jury establish that Valencia was not prosecuted on a theory of felony murder or under the natural and probable consequences doctrine. (*Id.* at p. 676.) Because he was convicted under a

_____

whether he was ineligible because the record demonstrated that he was the actual killer.

10

theory of murder that is still valid, Valencia is ineligible for relief under section 1170.95 as a matter of law. In *Santos*, we noted that "[a]lthough both the petitioner and the prosecution are permitted to present additional evidence beyond that introduced at the time of conviction, a judge who is familiar with the facts, evidence, and law already part of the record is better equipped to rule on a petition than a different judge, unfamiliar with the case, who is reviewing a cold record." (*Santos, supra,* 53 Cal.App.5th at p. 474.) Here, it is not necessary to delve into the particulars of Valencia's case; a court's familiarity with the record would not have aided his cause.

*Ineffective Assistance of Counsel*

Finally, Valenica's contention that counsel rendered ineffective assistance fails. Even if we were to assume that a defendant has a Sixth Amendment right to counsel in postconviction proceedings under section 1170.95, here there is no evidence that counsel failed to act with reasonable competence, and it is not reasonably probable that a determination more favorable to Valencia could have been reached, given that he is ineligible for relief as a matter of law. (*People v. Doolin* (2009) 45 Cal.4th 390, 417 [claims of ineffective assistance of counsel "require a defendant to show (1) counsel's deficient performance, and (2) a reasonable probability that, absent counsel's deficiencies, the result of the proceeding would have been different"].)

11

## DISPOSITION

We affirm the trial court's order denying Valencia's petition for resentencing under section 1170.95.


MOOR, J.

We concur:


BAKER, Acting P.J.


KIM, J.